**HOFFMAN EMPLOYMENT LAWYERS**
580 California Street, Ste. 1600
San Francisco, CA 94104
(415) 362-1111

ILG Legal Office
Stephen Noel Ilg (SBN 275599)
silg@ilglegal.com
Frank Zeccola 308875
fzeccola@ilglegal.com
555 California Street, Suite 4925
San Francisco, CA 94104

Attorneys for Plaintiff Gary Marsh

**F I L E D**
Superior Court of California
County of San Francisco

**JUL 20 2016**

CLERK OF THE COURT
BY: _Arlene Ramos_
Deputy Clerk

SUPERIOR COURT OF CALIFORNIA

COUNTY OF SAN FRANCISCO

| | |
|---|---|
| Gary Marsh, on behalf of himself,<br><br>Plaintiff<br><br>vs.<br><br>Federal Home Loan Bank of San Francisco, a California Corporation, and DOES 1 through 100, inclusive,<br><br>Defendants. | Case No. **CGC-16-553149**<br><br>1. **UNLAWFUL RETALIATION IN VIOLATION OF PUBLIC POLICY** (Lab. Code §§ 98.6, 232, 232.5, 1102.5; *Tameny v. Atlantic Richfield Company*);<br>2. **UNLAWFUL RETALIATION DUE TO PROTECTED CHARACTERISTIC** (Gov't. Code § 12940 *et seq.*);<br>3. **DISCRIMINATION AND HARASSMENT** (Gov't. Code § 12940 *et seq.*);<br>4. **FAILURE TO PREVENT AND INVESTIGATE DISCRIMINATION AND HARASSMENT** (Gov't. Code § 12940 *et seq.*; *Tameny v. Atlantic Richfield Company*);<br>5. **FAILURE TO PROVIDE REASONABLE; ACCOMMODATION** (Gov't. Code § 12940 *et seq.*);<br>6. **FAILURE TO ENGAGE IN INTERACTIVE PROCESS** (Gov't. Code § 12940 *et seq.*);<br>7. **VIOLATION OF CFRA/FMLA RIGHTS** (Gov't. Code § 12945.2; 29 CFR § 825.302);<br>8. **INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS;**<br>9. **NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS;**<br>10. **UNFAIR BUSINESS PRACTICES** (Bus. & Prof. Code § 17200 *et seq.*). |

-1-

*Marsh v. Federal Home Loan Bank*
Complaint

**BY FAX**

HOFFMAN EMPLOYMENT LAWYERS
580 California Street, Ste. 1600
San Francisco, CA 94104
(415) 362-1111

**JURY TRIAL DEMANDED**

This Complaint is brought by Plaintiff Gary Marsh ("Plaintiff" and/or "Mr. Marsh"), on behalf of himself, against his former employer, Defendant Federal Home Loan Bank of San Francisco ("FHLB"), and DOES 1-100, inclusive ("DOE Defendants") (collectively "Defendants"). Plaintiff hereby demands a jury trial on all causes of action.  Plaintiff alleges the following:

## PLAINTIFF

1.      At all times material herein, Plaintiff Marsh was and is a competent adult and resident of the State of California, Alameda.  Plaintiff began working for Defendants as a Facility Coordinator.  While working for Defendants, Plaintiff's job duties included but were not limited to: managing defendant's facilities.

## DEFENDANTS

2.      At all times material herein, Defendant FHLB was and is a California corporation registered to do business in the State of California, including but not limited to conducting business within County of San Francisco, with its corporate headquarters located in San Francisco, California.  Defendant FHLB is in the banking industry.  On information and belief, Defendant FHLB is a wholesale bank that provides products and services to member financial institutions. At all relevant times alleged herein, Plaintiff is informed and believes that Defendant FHLB is authorized to and does conduct business in the State of California in the Banking, including but not necessarily limited to San Francisco.

3.      The defendants identified as DOES 1 through 100, inclusive, were, at all times herein-mentioned, agents, business affiliates, successors- and/or predecessors-in-interest,

HOFFMAN EMPLOYMENT LAWYERS
580 California Street, Ste. 1600
San Francisco, CA 94104
(415) 362-1111

1   officers, directors, partners, and/or managing agents of some or each of the remaining

2   defendants. Plaintiff is informed and believes and, on that basis, alleges that, at all times herein-

3   mentioned, each of the defendants identified as DOES 1 through 100, inclusive, employed,

4   and/or exercised control over the conditions of PlaintiffIndividualsPlaintiff which led to the

5   instant lawsuit and which are described herein. In doing the acts herein alleged, each Defendant

6   is liable and responsible to PlaintiffIndividualsPlaintiff for the acts of every other Defendant.

7   The true names and capacities of the DOE Defendants, whether individual, corporate, associate

8   or otherwise, are unknown to Plaintiff who therefore sues such DOE Defendants by fictitious

9   names pursuant to California Code of Civil Procedure §474.  Plaintiff is informed and believes

10  that the DOE Defendants are residents of the State of California.  Plaintiff will amend this

11  complaint to show such DOE Defendants' true names and capacities when they are known.

12      4.      Plaintiff is informed and believes and thereon alleges that, unless otherwise

13  indicated, each Defendant was the agent and/or employee of every other Defendant within the

14  course and scope of said agency and/or employment, with the knowledge and/or consent of said

15  Defendant.

16  **JURISDICTION AND VENUE**

17      5.      This Court is the proper Court, and this action is properly filed in the Superior

18  Court of California for the County of San Francisco, because Defendant FHLB transacts

19  business within this county at 300 California Street, San Francsico.  Plaintiff performed work

20  for Defendant and experienced the legal violations that are the subject of this Complaint in the

21  County of San Francisco.

22      6.      This Court has jurisdiction over the Individual Plaintiff's claims for damages,

23  interest thereon, related penalties, injunctive and other equitable relief, restitution of ill-gotten

24  benefits arising from Defendants' unlawful, unfair, and/or fraudulent business practices, and

25  attorneys' fees and costs pursuant to, *inter alia.*, California Business and Professions Code §§

26  17200-17208, and the statutes cited herein.

27  **EXHAUSTION OF ADMINISTRATIVE REMEDIES**

28

-3-

*Marsh v. Federal Home Loan Bank*
Complaint

HOFFMAN EMPLOYMENT LAWYERS
580 California Street, Ste. 1600
San Francisco, CA 94104
(415) 362-1111

7.     Defendants regularly and systematically do business in the State of California and are subject to suit under the Fair Employment and Housing Act ("FEHA") in that Defendants regularly employ five or more persons. Plaintiff timely filed a charge of discrimination, failure to investigate discrimination and retaliation against Defendants with the California Department of Fair Employment and Housing ("DFEH"), and received a notice of the right to sue from the DFEH pursuant to California Government Code §12965(b).  Plaintiff filed this action within one year of the date of his DFEH right-to-sue letter(s); therefore, administrative remedies have been properly exhausted.

8.     Plaintiff will satisfy all applicable administrative requirements then amend to add a claim pursuant to the Private Attorney General's Act, California Labor Code section 2698 *et seq.*

9.     Plaintiff has satisfied all private, administrative and judicial prerequisites to the institution of this action.

10.    The California Workers' Compensation Act does not preempt this action because Defendants' unlawful practices, as alleged herein, are not risks or conditions of employment. Plaintiff is not required to satisfy any further private, administrative, or judicial prerequisites to the institution of this action, insofar as such prerequisites pertain to any of the remaining causes of action in this complaint.

## FACTS OF PLAINTIFF'S INDIVIDUAL CAUSES OF ACTION

11.    Plaintiff alleges he was terminated for exercising his right to leave. He had worked for Federal Loan Home Bank as a facility coordinator for several years. Further, he had received several positive job performance reviews during his time there and felt he had continual opportunities for growth in his position.

12.    Then Marsh went out on medical leave from December 9, 2015 to January 11, 2016. Dr James Eichel wrote Plaintiff a letter excusing him from work during this time. When Marsh returned from medical leave, however, he began feeling that he had been demoted, that he was no longer part of the team, and that his job now involved nothing more than routine, trivial undertakings such as cleaning up the company breakrooms. He began receiving

-4-

HOFFMAN EMPLOYMENT LAWYERS
580 California Street, Ste. 1600
San Francisco, CA 94104
(415) 362-1111

1   reprimands for doing things he did not do. He was accused of insubordination and placing

2   purchases without approval, doing work station evaluations without approval, improperly

3   requesting urgent services from vendors, and providing ergonomic consultations to

4   contractors—all of which was untrue. Marsh was also told specifically not to apply for positions

5   for which he was well qualified.

6       13.    Further, he sent emails to his managers which were not returned, and was

7   continually denied one-on-one meetings with his supervisor to discuss his career goals. "I just

8   didn't feel like I was a part of the team anymore," he said.

9       14.    Less than a month before he was terminated, Plaintiff explained: "Before I went

10  out on disability I was second in command to acting facilities manager—when he wasn't there I

11  would be in command. I was given access to software for remote access so I could help assist

12  duties with [Defendant's] remote sites. I was growing as an employee. But when I came back

13  from disability all that went away. Now I'm just cleaning break stations and conference rooms,

14  and that's it. [I'm] not allowed to do anything beyond that."

15      15.    Defendant then terminated Marsh on June 3, 2016. Marsh asked Defendant's

16  Vice President, Eiko Bokura, "Are you firing me for insubordination?" Bokura replied, "Yes."

17  Then she retracted that and said, "A lot of things."

18      16.    As a direct and proximate result of Defendants' unlawful conduct, as set forth

19  herein, Plaintiff has sustained damages, as described above, including monetary losses and other

20  damages in an amount to be established at trial. As a further direct and proximate result of

21  Defendants' unlawful conduct, as set forth herein, Plaintiff is entitled to recover penalties and

22  damages for the claims described herein in an amount to be established at trial. As a further

23  direct and proximate result of Defendants' unlawful conduct, as set forth herein, Plaintiff is also

24  entitled to recover attorneys' fees, litigation costs, and restitution of ill-gotten gains, pursuant to

25  statute.

26                    **FIRST CAUSE OF ACTION BY PLAINTIFF**

27          **UNLAWFUL RETALIATION IN VIOLATION OF PUBLIC POLICY**
                (Lab. Code §§ 98.6, 230, 232, 232.5, 1102.5; *Tameny v. Atlantic Richfield Company*)
28

-5-
*Marsh v. Federal Home Loan Bank*
Complaint

*(On behalf of Plaintiff as an individual against all Defendants)*

17.     Plaintiff incorporates in this cause of action each and every allegation of the preceding paragraphs, with the same force and effect as though fully set forth herein.

18.     Jurisdiction is invoked in this court pursuant to the public policy and common law of the State of California, pursuant to the case of *Tameny v. Atlantic Richfield Company* (1980) 27 Cal. 3d 167.

19.     Under California law, there is a fundamental and well-established public policy against discrimination, harassment or retaliation based on is disabled.  Said public policy is embodied in the Constitution of the State of California and California Labor Code §§ 98.6, 230 [due to service as a jury member, witness, or for relief from domestic violence], 232 [due to disclosure of amount of wages], 232.5 [due to disclosure of working conditions] and other sections of the Labor Code.  Adverse employment actions taken by an employer motivated by the fact that an employee is disabled are contrary to said public policy and are thus actionable under the common law of this state.

20.     California Labor Code § 98.6 provides, "(a) A person shall not discharge an employee or in any manner discriminate, retaliate, or take any adverse action against any employee or applicant for employment because the employee or applicant engaged in any conduct delineated in this chapter [i.e. Labor Code §§ 79-107], including the conduct described in subdivision (k) of Section 96, and Chapter 5 [i.e. Labor Code §§ 1101-1106] (commencing with Section 1101) of Part 3 of Division 2, or because the employee or applicant for employment has filed a bona fide complaint or claim or instituted or caused to be instituted any proceeding under or relating to his or her rights that are under the jurisdiction of the Labor Commissioner, made a written or oral complaint to Court, or because the employee has initiated any action, or has testified or is about to testify in a proceeding pursuant to that section, or because of the exercise by the employee or applicant for employment on behalf of himself, herself, or others of any rights afforded him or her." Any person whose rights are violated according to Labor Code §98.6(a) "shall be entitled to reinstatement and reimbursement for lost wages and work benefits caused by those acts of the employer." Labor Code § 98.6(b)(1).

HOFFMAN EMPLOYMENT LAWYERS
580 California Street, Ste. 1600
San Francisco, CA 94104
(415) 362-1111

*Marsh v. Federal Home Loan Bank*
Complaint

21.     "In addition to other remedies available, an employer who violates this section is liable for a civil penalty not exceeding ten thousand dollars ($10,000) per employee for each violation of this section, to be awarded to the employee or employees who suffered the violation." Labor Code § 98.6(b)(3).

22.     California Labor Code § 232 provides, "No employer may do any of the following:  (a) Require, as a condition of employment, that an employee refrain from disclosing the amount of his or her wages. (b) Require an employee to sign a waiver or other document that purports to deny the employee the right to disclose the amount of his or her wages. (c) Discharge, formally discipline, or otherwise discriminate against an employee who discloses the amount of his or her wages."

23.     California Labor Code §232.5 provides, "No employer may do any of the following: (a) Require, as a condition of employment, that an employee refrain from disclosing information about the employer's working conditions. (b) Require an employee to sign a waiver or other document that purports to deny the employee the right to disclose information about the employer's working conditions. (c) Discharge, formally discipline, or otherwise discriminate against an employee who discloses information about the employer's working conditions. (d) This section is not intended to permit an employee to disclose proprietary information, trade secret information, or information that is otherwise subject to a legal privilege without the consent of his or her employer."

24.     California Labor Code § 1102.5(b) provides: "An employer, or any person acting on behalf of the employer, shall not retaliate against an employee for disclosing information…to a person with authority over the employee or another employee who has the authority to investigate, discover, or correct the violation or noncompliance…if the employee has reasonable cause to believe that the information discloses a violation of state or federal statute, or a violation of or noncompliance with a local, state, or federal rule or regulation, regardless of whether disclosing the information is part of the employee's job duties." Under California law, discharge of an employee perceived to have reported an alleged violation of a statute or regulation violates public policy, even if the employee did not actually make the report. Under

-7-

*Marsh v. Federal Home Loan Bank*
Complaint

HOFFMAN EMPLOYMENT LAWYERS
580 California Street, Ste. 1600
San Francisco, CA 94104
(415) 362-1111

HOFFMAN EMPLOYMENT LAWYERS
580 California Street, Ste. 1600
San Francisco, CA 94104
(415) 362-1111

1  Diego, perceived whistleblowers are also protected from retaliatory discharge as are employees
2  who report suspected violations to other employees. Section 1102.5(f) provides that "in addition
3  to other penalties, an employer that is a corporation or limited liability company is liable for a
4  civil penalty not exceeding ten thousand dollars ($10,000) for each violation" of Labor Code
5  §1102.5.

6      25.    California Labor Code § 1102.6, "In a civil action or administrative proceeding
7  brought pursuant to Section 1102.5, once it has been demonstrated by a preponderance of the
8  evidence that an activity proscribed by Section 1102.5 was a contributing factor in the alleged
9  prohibited action against the employee, the employer shall have the burden of proof to
10  demonstrate by clear and convincing evidence that the alleged action would have occurred for
11  legitimate, independent reasons even if the employee had not engaged in activities protected by
12  Section 1102.5."

13      26.    California Labor Code § 1102.8 provides, "An employer shall prominently
14  display in lettering larger than size 14 point type a list of employees' rights and responsibilities
15  under the whistleblower laws, including the telephone number of the whistleblower hotline
16  described in Section 1102.7."

17      27.    California Labor Code § 1104 provides, "In all prosecutions under this chapter
18  [i.e. Labor Code §§ 1100-1106], the employer is responsible for the acts of his managers,
19  officers, agents, and employees."

20      28.    Defendants terminated Plaintiff's employment based upon Defendants' violation
21  of public policy in retaliating against Plaintiff on account of the fact that Plaintiff is disabled.

22      29.    Plaintiff is informed and believes and, based thereon, alleges that Defendants'
23  conduct, as described herein, was substantially motivated by Plaintiff's opposition to and/or
24  reporting of the actual and/or perceived violations described herein.

25      30.    Plaintiff is informed and believes and, based thereon, alleges that all Defendants,
26  including the Defendants named as DOES 1 through 100, inclusive, aided, abetted, incited,
27  compelled, coerced, or conspired to commit one or more of the acts alleged in this Cause of
28  Action.

*Marsh v. Federal Home Loan Bank*
Complaint

HOFFMAN EMPLOYMENT LAWYERS
580 California Street, Ste. 1600
San Francisco, CA 94104
(415) 362-1111

31.    The conduct of Defendants described herein above was outrageous and was executed with malice, fraud and oppression, and with conscious disregard for Plaintiff's rights, and further, with the intent, design and purpose of injuring Plaintiff.

32.    As a proximate result of Defendants' wrongful acts, Plaintiff has suffered, and continues to suffer, substantial losses incurred in seeking substitute employment and in earnings, bonuses, deferred compensation, stock options, and other employment benefits; and has suffered, and continues to suffer, emotional distress in an amount according to proof at the time of trial.

33.    Defendants, through their officers, managing agents, and/or their supervisors, authorized, condoned and/or ratified the unlawful conduct described herein above.  By reason thereof, Plaintiff is entitled to an award of punitive damages in an amount according to proof at the time of trial, as well as attorneys' fees and costs, pursuant to statute.

## SECOND CAUSE OF ACTION
### UNLAWFUL RETALIATION DUE TO PROTECTED CHARACTERISTIC
(Gov't. Code § 12940 *et seq.*; *Tameny v. Atlantic Richfield Company*)
(*On behalf of IndividualsPlaintiff against all Defendants*)

34.    Plaintiff incorporates in this cause of action each and every allegation of the preceding paragraphs, with the same force and effect as though fully set forth herein.

35.    At all times mentioned herein, Defendants were employers within the meaning of the California Fair Employment and Housing Act (Cal. Govt. Code § 12940 et seq.) (hereinafter "FEHA") and Plaintiff was an employee within the meaning of the FEHA. This cause of action is brought pursuant to FEHA, and the corresponding regulations promulgated by the California Department of Fair Employment and Housing.  Defendants regularly and systematically do business in the State of California and is subject to suit under the California Fair Employment and Housing Act, Government Code Sections 12900 et seq. ("FEHA"), in that Defendants regularly employed five or more persons.

36.    Under the FEHA and the common law of the State of California, there is a fundamental and well-established public policy against discrimination, harassment or retaliation

-9-

*Marsh v. Federal Home Loan Bank*
Complaint

based on is disabled.   This public policy is embodied in the Constitution of the State of California and California Gov't. Code § 12940 and other provisions of law.    Adverse employment actions taken by an employer motivated by the fact that an employee is disabled are contrary to said public policy and are thus actionable under the common law of this state. Defendants' conduct violates California public policy expressed in the FEHA.

37.    Defendants' conduct, as set forth herein, violates California public policy expressed in the FEHA.

38.    Plaintiff is informed and believes and, based thereon, alleges that Defendants' conduct, as described herein, was substantially motivated by the fact that Plaintiff is disabled.

39.    Plaintiff is informed and believes and, based thereon, alleges that all Defendants, including the Defendants named as DOES 1 through 100, inclusive, aided, abetted, incited, compelled, coerced, or conspired to commit one or more of the acts alleged in this Cause of Action.

40.    As a proximate result of Defendants' wrongful conduct, Plaintiff has suffered and continues to suffer damages in an amount subject to proof, but which are in excess of the jurisdictional minimum of this Court, and which include, but are not limited to, humiliation, depression, anxiety, loss of sleep, loss of appetite, and body-aches in addition to their monetary damages.

41.    Plaintiff is informed and believes, and based thereon allege, that the conduct of Defendants as alleged herein was malicious, oppressive, in conscious disregard of Plaintiff's rights, and with the purpose and intent of harming and injuring Plaintiff and defrauding him out of benefits and compensation to which he were rightfully entitled, and therefore constitutes "malice" as that term is defined in California Civil Code Section 3294, triggering the right to punitive and exemplary damages according to proof, as well as attorneys' fees and costs, pursuant to statute.

42.    Defendants' acts alleged herein are malicious, oppressive, despicable, and in conscious disregard of Plaintiff's rights.  Upon information and belief, one or more of

*Marsh v. Federal Home Loan Bank*
Complaint

1  Defendants' managing agents committed, authorized, or ratified the wrongful conduct. As such,

2  punitive damages are warranted against Defendants.

### THIRD CAUSE OF ACTION
### DISCRIMINATION AND HARASSMENT
(California Gov't Code §12940 *et seq.*; *Tameny v. Atlantic Richfield Company*)
(*On behalf of IndividualsPlaintiff against all Defendants*)

43.    Plaintiff incorporates in this cause of action each and every allegation of the preceding paragraphs, with the same force and effect as though fully set forth herein.

44.    Under California law, there is a fundamental and well-established public policy against taking any adverse employment action motivated by the fact that an employee is disabled.

45.    Under the Fair Employment and Housing Act ("FEHA"), it is an unlawful employment practice to take any adverse employment action motivated by the fact that an employee is disabled.  Said public policy is embodied in the Constitution of the State of California and California Statutory law, including but not limited to Gov't. Code § 12940. Jurisdiction is invoked in this court pursuant to the FEHA and the public policy and common law of the State of California, pursuant to the case of *Tameny v. Atlantic Richfield* Company (1980) 27 Cal. 3d 167 and *Rojo v.  Kliger* (1990) 52 Cal. 3d 65.

46.    As alleged above, Plaintiff was entitled to protection under the FEHA based on the fact that Plaintiff is an employee that is disabled.

47.    As such, Plaintiff was entitled to FEHA's protection pursuant to California Government Code Section 12940 *et seq.*

48.    Defendants were aware that Plaintiff was an employee that is disabled.

49.    At all times mentioned herein, Defendants were employers within the meaning of the California Fair Employment and Housing Act (Cal. Govt. Code § 12940 et seq.) (hereinafter "FEHA) and Plaintiff was an employee within the meaning of the FEHA. This cause of action is brought pursuant to FEHA, and the corresponding regulations promulgated by the California Department of Fair Employment and Housing.  Defendants regularly and systematically do

**HOFFMAN EMPLOYMENT LAWYERS**
580 California Street, Ste. 1600
San Francisco, CA 94104
(415) 362-1111

HOFFMAN EMPLOYMENT LAWYERS
580 California Street, Ste. 1600
San Francisco, CA 94104
(415) 362-1111

1   business in the State of California and is subject to suit under the California Fair Employment

2   and Housing Act, Government Code Sections 12900 et seq. ("FEHA"), in that Defendants

3   regularly employed five or more persons.

4       50.     With respect to harassment pursuant to Section 12940(j) specifically, "employer"

5   includes "any person regularly employing one or more persons or regularly receiving the

6   services of one or more persons providing services pursuant to a contract, or any person acting

7   as an agent of an employer, directly or indirectly, the state, or any political or civil subdivision

8   of the state, and cities." California Gov't Code § 12940(j)(4).

9       51.     California Government Code § 12940(a) provides: It is an unlawful employment

10  practice: "For an employer, because of the race, religious creed, color, national origin, ancestry,

11  physical disability, mental disability, medical condition, genetic information, marital status, sex,

12  gender, gender identity, gender expression, age, sexual orientation, or military and veteran status

13  of any person, to refuse to hire or employ the person or to refuse to select the person for a

14  training program leading to employment, or to bar or to discharge the person from employment

15  or from a training program leading to employment, or to discriminate against the person in

16  compensation or in terms, conditions, or privileges of employment."

17      52.     California Government Code § 12940(a) provides: It is an unlawful employment

18  practice: "For an employer, … or any other person, because of race, religious creed, color,

19  national origin, ancestry, physical disability, mental disability, medical condition, genetic

20  information, marital status, sex, gender, gender identity, gender expression, age, sexual

21  orientation, or military and veteran status, to harass an employee, an applicant, an unpaid intern

22  or volunteer, or a person providing services pursuant to a contract. Harassment of an employee,

23  an applicant, an unpaid intern or volunteer, or a person providing services pursuant to a contract

24  by an employee, other than an agent or supervisor, shall be unlawful if the entity, or its agents or

25  supervisors, knows or should have known of this conduct and fails to take immediate and

26  appropriate corrective action. An employer may also be responsible for the acts of

27  nonemployees, with respect to sexual harassment of employees, applicants, unpaid interns or

28  volunteers, or persons providing services pursuant to a contract in the workplace, where the

-12-

HOFFMAN EMPLOYMENT LAWYERS
580 California Street, Ste. 1600
San Francisco, CA 94104
(415) 362-1111

1  employer, or its agents or supervisors, knows or should have known of the conduct and fails to
2  take immediate and appropriate corrective action. In reviewing cases involving the acts of
3  nonemployees, the extent of the employer's control and any other legal responsibility that the
4  employer may have with respect to the conduct of those nonemployees shall be considered. An
5  entity shall take all reasonable steps to prevent harassment from occurring. Loss of tangible job
6  benefits shall not be necessary in order to establish harassment."

7      53.    Pursuant to California Government Code Section 12940(a), Defendants were
8  prohibited from taking any adverse employment action motivated by the fact that an employee
9  is disabled.

10      54.    According to California Government Code § 12926(j), "'Mental disability'
11  includes, but is not limited to, all of the following: (1) Having any mental or psychological
12  disorder or condition, such as intellectual disability, organic brain syndrome, emotional or
13  mental illness, or specific learning disabilities, that limits a major life activity. For purposes of
14  this section:   (A) 'Limits' shall be determined without regard to mitigating measures, such as
15  medications, assistive devices, or reasonable accommodations, unless the mitigating measure
16  itself limits a major life activity.   (B) A mental or psychological disorder or condition limits a
17  major life activity if it makes the achievement of the major life activity difficult.   (C) 'Major
18  life activities' shall be broadly construed and shall include physical, mental, and social activities
19  and working."

20      55.    At all times mentioned herein, Plaintiff was qualified for the position he held and
21  was performing competently in the position.  Furthermore, Plaintiff was willing and able to
22  perform the duties and essential functions of his position with or without a reasonable
23  accommodation.

24      56.    Defendants' discriminatory and harassing actions against Plaintiff, as alleged
25  above, including his termination of employment, constituted unlawful discrimination in
26  employment on account of the fact that Plaintiff was an employee that is disabled, in violation
27  of California Government Code Section 12940.

28

HOFFMAN EMPLOYMENT LAWYERS
580 California Street, Ste. 1600
San Francisco, CA 94104
(415) 362-1111

1    57.    This is a claim for relief arising from Defendants' causing, and its failure to

2  prevent, disability discrimination and harassment against Plaintiff.

3    58.    Because of Defendants' failure to prevent harassment and discrimination,

4  Plaintiff suffered adverse employment actions, including termination.

5    59.    As a direct and proximate result of the actions of Defendants, including the

6  discrimination and harassment against Plaintiff as described herein, Plaintiff has suffered and

7  will continue to suffer pain and extreme and severe mental anguish and emotional distress.

8  Plaintiff has further suffered and will continue to suffer a loss of earnings and other employment

9  benefits. Accordingly, Plaintiff is entitled to general compensatory damages in amounts to be

10  proven at trial. Defendants, through their officers, managing agents and/or supervisors,

11  authorized, condoned and/or ratified the unlawful conduct describe herein above.

12    60.    By discriminating against and harassing Plaintiff in violation of Government

13  Code Section 12940, Defendants acted willfully, oppressively, maliciously and with conscious

14  disregard for Plaintiff's rights, and with the intent to annoy, harass or injure Plaintiff, in

15  violation of California Civil Code Section 3294, such that Plaintiff is entitled to recovery of

16  punitive damages in an amount according to proof at trial.

17    61.    Defendants' acts alleged herein are malicious, oppressive, despicable, and in

18  conscious disregard of Plaintiff's rights. Upon information and belief, one or more of

19  Defendants' managing agents committed, authorized, or ratified the wrongful conduct. As such,

20  punitive damages are warranted against Defendants.

21    62.    Plaintiff seeks his attorneys' fees and costs pursuant to California Government

22  Code Section 12965(b).

23

24                    **FOURTH CAUSE OF ACTION**

25                **FAILURE TO PREVENT AND INVESTIGATE**
                    **DISCRIMINATION AND HARASSMENT**

26             (Gov't. Code § 12940 *et seq.*; *Tameny v. Atlantic Richfield Company*)
                  (*On behalf of IndividualsPlaintiff against all Defendants*)

27

28

-14-

HOFFMAN EMPLOYMENT LAWYERS
580 California Street, Ste. 1600
San Francisco, CA 94104
(415) 362-1111

1    63.    Plaintiff incorporates in this cause of action each and every allegation of the

2  preceding paragraphs, with the same force and effect as though fully set forth herein.

3    64.    Under California law, there is a fundamental and well-established public policy

4  against taking any adverse employment action motivated by the fact that an employee is

5  disabled.

6    65.    Under the Fair Employment and Housing Act ("FEHA"), it is an unlawful

7  employment practice to take any adverse employment action motivated by the fact that an

8  employee is disabled.  Said public policy is embodied in the Constitution of the State of

9  California and California Statutory law, including but not limited to Gov't. Code § 12940.

10  Jurisdiction is invoked in this court pursuant to the FEHA and the public policy and common

11  law of the State of California, pursuant to the case of *Tameny v. Atlantic Richfield* Company

12  (1980) 27 Cal. 3d 167 and *Rojo v.  Kliger* (1990) 52 Cal. 3d 65.

13    66.    As alleged above, Plaintiff was entitled to protection under the FEHA based on

14  the fact that Plaintiff is an employee that is disabled.

15    67.    As such, Plaintiff was entitled to FEHA's protection pursuant to California

16  Government Code Section 12940 *et seq.*

17    68.    Defendants were aware that Plaintiff was an employee that is disabled.

18    69.    At all times mentioned herein, Defendants were employers within the meaning of

19  the California Fair Employment and Housing Act (Cal. Govt. Code § 12940 et seq.) (hereinafter

20  "FEHA) and Plaintiff was an employee within the meaning of the FEHA. This cause of action is

21  brought pursuant to FEHA, and the corresponding regulations promulgated by the California

22  Department of Fair Employment and Housing.  Defendants regularly and systematically do

23  business in the State of California and is subject to suit under the California Fair Employment

24  and Housing Act, Government Code Sections 12900 et seq. ("FEHA"), in that Defendants

25  regularly employed five or more persons.

26    70.    Under the FEHA, including California Government Code Section 12940(k), and

27  the common law of the State of California, Defendants owe to PlaintiffIndividualsPlaintiff a

28

-15-
*Marsh v. Federal Home Loan Bank*
Complaint

HOFFMAN EMPLOYMENT LAWYERS
580 California Street, Ste. 1600
San Francisco, CA 94104
(415) 362-1111

1 duty to take all reasonable steps necessary to investigate or prevent harassment and

2 discrimination.

3    71.    Plaintiff complained about the harassment and discrimination to one of Plaintiff's

4 managers.  Nonetheless, Defendants did not investigate Plaintiff's complaints or take action to

5 stop the harassment and discrimination.

6    72.    Despite Defendants' knowledge of Plaintiff's complaints, Defendants failed to

7 take immediate and appropriate corrective action to prevent discrimination, retaliation, and

8 harassment.  Defendants similarly failed to take all reasonable steps to prevent discrimination

9 from occurring.  On information and belief, Defendants do not provide adequate anti-

10 discrimination training to their workforce, which results in unlawful discrimination, unlawful

11 harassment, unlawful retaliation and related violations against PlaintiffIndividualsPlaintiff.

12    73.    As a result of Defendants' acts and omissions alleged above,

13 PlaintiffIndividualsPlaintiff suffered injuries and damages in an amount according to proof at

14 trial.

15    74.    Plaintiff is informed and believes and thereon alleges that, as a direct and

16 proximate result of Defendants' willful, knowing, and intentional wrongful conduct, Plaintiff

17 has suffered and continues to suffer damages in an amount subject to proof, but which are in

18 excess of the jurisdictional minimum of this Court, and which include, but are not limited to,

19 mental distress, anguish, indignation, humiliation, depression, anxiety, fear, loss of sleep, loss of

20 appetite, and body-aches. Plaintiff has also suffered from a loss of earnings, other employment

21 benefits and job opportunities, accrued but unpaid salary bonuses and benefits (including pre-

22 judgment interest thereon), front pay, back pay, severance pay, and other monetary

23 damages.  Plaintiff is thereby entitled to general and compensatory damages in an amount to be

24 proven at trial, in addition to attorneys' fees and costs.

25    75.    Plaintiff seeks attorneys' fees and costs pursuant to California Government Code

26 Section 12965(b).

27    76.    California Government Code § 12940(a) provides: It is an unlawful employment

28 practice: "For an employer, … or any other person, because of race, religious creed, color,

-16-

HOFFMAN EMPLOYMENT LAWYERS
580 California Street, Ste. 1600
San Francisco, CA 94104
(415) 362-1111

national origin, ancestry, physical disability, mental disability, medical condition, genetic information, marital status, sex, gender, gender identity, gender expression, age, sexual orientation, or military and veteran status, to harass an employee, an applicant, an unpaid intern or volunteer, or a person providing services pursuant to a contract. Harassment of an employee, an applicant, an unpaid intern or volunteer, or a person providing services pursuant to a contract by an employee, other than an agent or supervisor, shall be unlawful if the entity, or its agents or supervisors, knows or should have known of this conduct and fails to take immediate and appropriate corrective action. An employer may also be responsible for the acts of nonemployees, with respect to sexual harassment of employees, applicants, unpaid interns or volunteers, or persons providing services pursuant to a contract in the workplace, where the employer, or its agents or supervisors, knows or should have known of the conduct and fails to take immediate and appropriate corrective action. In reviewing cases involving the acts of nonemployees, the extent of the employer's control and any other legal responsibility that the employer may have with respect to the conduct of those nonemployees shall be considered. An entity shall take all reasonable steps to prevent harassment from occurring. Loss of tangible job benefits shall not be necessary in order to establish harassment."

77.     Defendants' acts alleged herein are malicious, oppressive, despicable, and in conscious disregard of Plaintiff's rights. Upon information and belief, one or more of Defendants' managing agents committed, authorized, or ratified the wrongful conduct. As such, punitive damages are warranted against Defendants.

**FIFTH CAUSE OF ACTION**
**FAILURE TO PROVIDE REASONABLE ACCOMMODATION**
(Gov't. Code § 12940 *et seq.*)
(*On behalf of IndividualsPlaintiff against all Defendants*)

78.     Plaintiff incorporates in this cause of action each and every allegation of the preceding paragraphs, with the same force and effect as though fully set forth herein.

79.     As alleged above, and at all relevant times hereto, Plaintiff has suffered from a disability as described above.

-17-

*Marsh v. Federal Home Loan Bank*
Complaint

HOFFMAN EMPLOYMENT LAWYERS
580 California Street, Ste. 1600
San Francisco, CA 94104
(415) 362-1111

1    80.    Plaintiff's condition qualified as a disability pursuant to California Government

2    Code Section 12940 et seq.

3    81.    Defendants were aware of Plaintiff's disability.

4    82.    Defendants failed to provide a reasonable accommodate with respect to

5    Plaintiff's needs based on his disability with adverse actions.

6    83.    At all times mentioned herein, Plaintiff was willing and able to perform the

7    duties and functions of his position if Defendant had provided a reasonable accommodation.

8    Defendants could have provided a reasonable accommodation for Plaintiff's disability without

9    causing any danger to Plaintiff's or any other person's health or safety, nor would it have

10   created an undue hardship to the operation of Defendants' business.

11   84.    As a result of Defendants' acts and omissions alleged above, Plaintiff suffered

12   injuries and damages in an amount according to proof at trial.

13   85.    As a proximate result of Defendants' wrongful conduct, Plaintiff was caused to

14   suffer, and continues to suffer, damages in an amount subject to proof, but which are in excess

15   of the jurisdictional minimum of this Court, and which include, but are not limited to,

16   humiliation, anxiety, severe emotional distress, worry, fear, front pay, back pay, severance pay,

17   and the like.

18   86.    By discriminating against Plaintiff and refusing to provide him a reasonable

19   accommodation in violation of Government Code Section 12940(m), Defendants acted

20   willfully, oppressively, maliciously and with conscious disregard for Plaintiff's rights, and with

21   the intent to annoy, harass or injure Plaintiff, in violation of California Civil Code Section 3294,

22   such that Plaintiff is entitled to recovery of punitive damages in an amount according to proof at

23   trial.

24   87.    Defendants' acts alleged herein are malicious, oppressive, despicable, and in

25   conscious disregard of Plaintiff's rights.   Upon information and belief, one or more of

26   Defendants' managing agents committed, authorized, or ratified the wrongful conduct. As such,

27   punitive damages are warranted against Defendants.

28

HOFFMAN EMPLOYMENT LAWYERS
580 California Street, Ste. 1600
San Francisco, CA 94104
(415) 362-1111

88.     Plaintiff seeks his attorneys' fees and costs pursuant to California Government Code Section 12965(b).

## SIXTH CAUSE OF ACTION
### FAILURE TO ENGAGE IN INTERACTIVE PROCESS
(Gov't. Code § 12940 *et seq.*)
(*On behalf of IndividualsPlaintiff against all Defendants*)

89.     Plaintiff incorporates in this cause of action each and every allegation of the preceding paragraphs, with the same force and effect as though fully set forth herein.

90.     Plaintiff was entitled to Fair Employment and Housing Act ("FEHA")'s protection pursuant to California Government Code Section 12940 *et seq.* because Plaintiff has a disability.

91.     Defendants were aware that Plaintiff had a disability.

92.     Government Code §12940(n) provides that it is unlawful for an employer to fail to engage in a timely, good faith, interactive process with the employee to determine effective reasonable accommodations, if any.

93.     Defendants failed to engage in a timely, good faith, interactive process with Plaintiff to determine effective reasonable accommodations for Plaintiff's disability, if any.

94.     As a result of Defendants' acts and omissions alleged above, Plaintiff suffered injuries and damages in an amount according to proof at trial.

95.     As a proximate result of Defendants' wrongful conduct, Plaintiff was caused to suffer, and continues to suffer, damages in an amount subject to proof, but which are in excess of the jurisdictional minimum of this Court, and which include, but are not limited to, humiliation, anxiety, severe emotional distress, worry, fear, accrued but unpaid salary bonuses and benefits (including pre-judgment interest thereon), front pay, back pay, severance pay, and the like.

96.     By failing to engage in the interactive process in violation of Government Code Section 12940(n), Defendants acted willfully, oppressively, maliciously and with conscious disregard for Plaintiff's rights, and with the intent to annoy, harass or injure Plaintiff, in

-19-
*Marsh v. Federal Home Loan Bank*
Complaint

1   violation of California Civil Code Section 3294, such that Plaintiff is entitled to recovery of

2   punitive damages in an amount according to proof at trial.

3       97.    Defendants' acts alleged herein are malicious, oppressive, despicable, and in

4   conscious disregard of Plaintiff's rights.   Upon information and belief, one or more of

5   Defendants' managing agents committed, authorized, or ratified the wrongful conduct. As such,

6   punitive damages are warranted against Defendants.

7       98.    Plaintiff seeks his attorneys' fees and costs pursuant to California Government

8   Code Section 12965(b).

**SEVENTH CAUSE OF ACTION**
**VIOLATION OF CFRA/FMLA RIGHTS**
(Gov't. Code § 12945.2; 29 CFR § 825.302)
*(On behalf of Plaintiff as an individual against all Defendants)*

9

10

11      99.    Plaintiff incorporates in this cause of action each and every allegation of the

12  preceding paragraphs, with the same force and effect as though fully set forth herein.

13      100.   Defendants interfered with Plaintiff taking leave and/or retaliated against and

14  discriminated against Plaintiff for exercising the right to leave.

15      101.   Under the Fair Employment and Housing Act ("FEHA"), the Americans with

16  Disabilities Act ("ADA") the California Family Rights Act ("CFRA"), the Family Medical

17  Leave Act ("FMLA"), and the common law of the State of California, it is an unlawful

18  employment practice to discriminate against employees for exercising their right to take leave.

19  Jurisdiction is invoked in this court pursuant to the FEHA and the public policy and common

20  law of the State of California, pursuant to the case of *Tameny v. Atlantic Richfield* Company, 27

21  Cal. 3d 167 (1980). Pursuant to the FEHA and the common law, Defendants owe Plaintiff the

22  duty not to discriminate against or harass him in the terms and conditions of his employment

23  due to the fact that Plaintiff took leave.

24      102.   California Government Code § 12945.2, subsection (g), states "[a]n employee

25  returning from leave shall return with no less seniority than the employee had when the leave

26  commenced, for purposes of layoff, recall, promotion, job assignment, and seniority-related

27  benefits such as vacation."   Gov't Code § 12945.2, subsection (t), states "[i]t shall be an

28

HOFFMAN EMPLOYMENT LAWYERS
580 California Street, Ste. 1600
San Francisco, CA 94104
(415) 362-1111

-20-

HOFFMAN EMPLOYMENT LAWYERS
580 California Street, Ste. 1600
San Francisco, CA 94104
(415) 362-1111

1  unlawful employment practice for an employer to interfere with, restrain, or deny the exercise
2  of, or the attempt to exercise, any right provided under this section."

3       103.   Plaintiff was eligible for leave under the CFRA, FMLA, and/or ADA.

4       104.   Defendants were and are employers subject to the requirements of the CFRA,
5  FMLA, and ADA, and Defendants had a legal duty to not interfere with Plaintiff's rights under
6  that Act.

7       105.   Defendants violated the CFRA, FMLA, ADA, and FEHA by taking adverse
8  actions against Plaintiff because he had taken and/or had requested to take leave.

9       106.   As alleged above, Mr. Marsh was on leave to [Reason for leave]. Mr. Marsh's
10  circumstances qualify him for protection pursuant to the FEHA.

11       107.   Mr. Marsh believes and on that basis alleges that the leave he took was a factor in
12  Defendants' election to limit the assignments he received, limit his work schedule, and subject
13  him to stricter scrutiny than others, and more severe punishment than others experienced.
14  Plaintiff believes and on that basis alleges that the leave that he took was a factor in Defendants'
15  election to take adverse employment actions.

16       108.   At all times mentioned herein, Plaintiff was qualified for the positions he held,
17  performing competently in those positions. Furthermore, Plaintiff was willing and able to
18  perform the duties and essential functions of his position(s). Plaintiff believes, and on that basis
19  alleges, that other employees who took leave were similarly qualified for the positions they held
20  and were performing competently in their positions, were willing and able to perform the duties
21  and essential functions of their positions. Furthermore, Plaintiff was willing and able to perform
22  the duties and essential functions of his position with or without a reasonable accommodation.

23       109.   Defendants' discriminatory and harassing actions against Plaintiff, as alleged
24  above, constituted unlawful discrimination and harassment in employment, in violation of the
25  California Government Code.

26       110.   As a result of Defendants' acts and omissions alleged above, Plaintiff suffered
27  injuries and damages in an amount according to proof at trial.

28

-21-
Marsh v. Federal Home Loan Bank
Complaint

HOFFMAN EMPLOYMENT LAWYERS
580 California Street, Ste. 1600
San Francisco, CA 94104
(415) 362-1111

1    111.    At all times referenced herein, Government Code Section 12945.2 was in full
2    force and effect, and was binding upon Defendants.  Said section required Defendants, their
3    employees and agents, to not discriminate against, harass, or discharge or interfere with
4    Plaintiff's career as Defendants' employee because Plaintiff exercised the right to take leave
5    under the CFRA and/or the FMLA, which triggered rights protected by the CFRA by putting
6    Defendants on specific notice that Plaintiff had a proper basis for, and a need to, take leave.

7    112.    Plaintiff is informed and believes and thereon alleges that the acts of Defendants
8    in criticizing Plaintiff's performance because Plaintiff took leave or requested to take leave is an
9    unlawful employment practice in violation of the CFRA, Government Code Section 12945.2
10   because Defendants interfered with Plaintiff's right to take CFRA/FMLA.

11   113.    As a proximate result of Defendants' wrongful conduct as alleged herein,
12   Plaintiff sustained damages from the loss of his employment; from loss of past and future
13   earnings and other employment benefits; from loss of all other rights and benefits which
14   naturally exist with fair employment, but which were denied by Defendants; in an amount to be
15   proven at trial.

16   114.    As a further proximate result of the wrongful conduct by Defendants the
17   resulting damages to Plaintiff, Plaintiff sustained emotional distress, all to his damage in an
18   amount to be proven at the time of trial.

19   115.    In doing the acts herein alleged, Defendants acted intentionally, oppressively,
20   and maliciously toward Plaintiff with advance knowledge and conscious disregard of Plaintiff's
21   rights, or the consequences to Plaintiff, or did authorize or ratify such intentional, oppressive
22   and malicious acts, with the intent of depriving Plaintiff of property and legal rights and
23   otherwise causing Plaintiff injury.  Because the acts taken toward Plaintiff were carried out by
24   managerial employees acting in a deliberate, cold, callous, and intentional manner in order to
25   injure and damage Plaintiff, Plaintiff therefore requests the assessment of punitive damages.

26   116.    "It is a familiar canon of statutory construction that remedial regulations, such as
27   the FMLA, should be construed broadly to effectuate its purposes." *Hodgens v. Gen. Dynamics,*
28   *Corp.*, 144 F.3d 151, 1064 (1st Cir.1998) "The fundamental purpose of the FMLA," the court

-22-

HOFFMAN EMPLOYMENT LAWYERS
580 California Street, Ste. 1600
San Francisco, CA 94104
(415) 362-1111

1  continued, "is to entitle employees to take reasonable leave for medical reasons, ... [and] to help

2  working men and women balance the conflicting demands of work and personal life." *Id.* (citing

3  29 U.S.C. § 2601 and *Price v. City of Fort Wayne*, 117 F.3d 1022, 1024 (7th Cir.1997)).

4      117.    Obviously, advance notice of unforeseeable leave is neither possible nor

5  required. 29 CFR 825.303 (a): "When the approximate timing of the need for leave is not

6  foreseeable, an employee should give notice to the employer of the need for FMLA leave as

7  soon as practicable under the facts and circumstances of the particular case. It is expected that

8  an employee will give notice to the employer within no more than one or two working days of

9  learning of the need for leave, except in extraordinary circumstances where such notice is not

10  feasible. In the case of a medical emergency requiring leave because of an employee's own

11  serious health condition or to care for a family member with a serious health condition, written

12  advance notice pursuant to an employer's internal rules and procedures may not be required

13  when FMLA leave is involved."

14      118.    Although a defendant may require an employee to follow its own internal

15  policies, like filling out Leave of Absence paperwork, "failure to follow such internal employer

16  procedures will not permit an employer to disallow or delay an employee's taking FMLA leave

17  if the employee gives timely verbal or other notice." 29 CFR § 825.302(d). Likewise, the CFRA

18  specifically holds that employee notice may be verbal. 2 CCR §7297.4(a)(1).

19      119.    The employee's notice obligations are not onerous: "[e]mployees need only

20  notify their employers that they will be absent under circumstances which indicate that the

21  FMLA might apply:  The employee need not expressly assert rights under the FMLA or even

22  mention the FMLA, but may only state that leave is needed [for a qualifying reason]."

23  *Bachelder v. America West Airlines, Inc.*, 259 F.3d 1112, 1130 1131 (9th Cir. 2001); *see also* 2

24  CCR §7297.4(a)(1). If the employer believes additional information is needed to substantiate an

25  employee's request for leave, the burden is on the employer to obtain the additional information.

26  29 C.F .R. § 825.303(b). The employer will be expected to obtain any additional required

27  information through informal means. 2 Cal. Code Regs. §7297.4(a)(1).

28

HOFFMAN EMPLOYMENT LAWYERS
580 California Street, Ste. 1600
San Francisco, CA 94104
(415) 362-1111

1    120.    An employer must give written notice of rights and obligations under FMLA

2    once notice of any kind is provided by the employee

3    121.    Once notice of the need for CFRA leave is received, an employer must respond

4    within 2 business days (if also covered by ADA, or within ten days if not also covered by

5    ADA). *See also* Rutter's Civil Practice Guide, Employment Litigation, 12:871 [Employers

6    covered by both CFRA and FMLA must respond to a leave request within two business days.].

7    The employer must designate the leave as FMLA qualifying and notify the employee of that

8    designation. 2 CCR's § 7297.4(a)(1)(A). If the employer is unable to confirm that the leave

9    qualifies under FMLA because it has not received a medical certification, it may preliminarily

10   designate the leave as FMLA qualifying subject to withdrawal. 29 CFR § 825.208(e)(2).

11   122.    Pursuant to 29 CFR section 825.301(b)(1), in addition to including notice

12   provisions in its handbook, "[t]he employer shall also provide the employee with written notice

13   detailing the specific expectations and obligations of the employee and explaining any

14   consequences of a failure to meet these obligations." This notice must be given to the employee

15   within 1-2 business days of being notified of the leave (if feasible). 29 CFR 825.301(c). "If an

16   employer fails to provide notice in accordance with the provisions of this section, the employer

17   may not take action against the employee for failure to comply with any provision required to be

18   set forth in the notice." 29 CFR 825.301(f). One of the provisions that employers must include

19   in the notice is: "(ii) any requirements for the employee to furnish medical certification of a

20   serious health condition and the consequences of failing to do so (see § 825.305)."

21   123.    "[A]n employer must specifically notify an employee, as soon as practicable

22   after being informed of the need for CFRA leave, of any requirement that the employee provide

23   a medical certification." That notice must state the date by which the certification must be

24   submitted and the consequences of failing to submit the form by that time. 29 CFR §

25   825.207(d).    "An employer must give written notice of a requirement for medical certification

26   ... in a particular case." 29 C.F.R. § 825.305(a).

27

28

HOFFMAN EMPLOYMENT LAWYERS
580 California Street, Ste. 1600
San Francisco, CA 94104
(415) 362-1111

124.    Defendant's violation of Plaintiff's FMLA and CFRA rights was wanton, willful, intentional, malicious, oppressive, fraudulent and betrayed a reckless disregard for Plaintiff's rights, thus entitling Plaintiff to an award of punitive damages.

125.    "On return from FMLA leave, an employee is entitled to be returned to the same position the employee held when leave commenced, or to an equivalent position with equivalent benefits, pay, and other terms and conditions of employment. An employee is entitled to such reinstatement even if the employee has been replaced or his or her position has been restructured to accommodate the employee's absence." 29 C.F.R. § 825.214(a)

126.    As a proximate and direct result of Defendant's violation of the FMLA, Plaintiff suffered loss, injury and damage in an amount to be determined according to proof at trial.

127.    Wherefore, Plaintiff prays for relief as hereinafter provided.

128.    Plaintiff claims prejudgment interest on all said amounts, at the rate set by law, in an amount to be proven at the time of trial.

129.    Defendants' acts alleged herein are malicious, oppressive, despicable, and in conscious disregard of Plaintiff's rights. Upon information and belief, one or more of Defendants' managing agents committed, authorized, or ratified the wrongful conduct. As such, punitive damages are warranted against Defendants.

130.    As a proximate result of Defendants' wrongful conduct, Plaintiff has suffered and continues to suffer damages in an amount subject to proof, but which are in excess of the jurisdictional minimum of this Court, and which include, but are not limited to, humiliation, depression, anxiety, loss of sleep, loss of appetite, loss of hair, and body-aches in addition to his monetary damages.

131.    By discriminating against and harassing Plaintiff in violation of the California Government Code, Defendants acted willfully, oppressively, maliciously and with conscious disregard for Plaintiff's rights, and with the intent to annoy, harass or injure Plaintiff, in violation of California Civil Code Section 3294, such that Plaintiff is entitled to recovery of punitive damages in an amount according to proof at trial.

*Marsh v. Federal Home Loan Bank*
Complaint

132.   Plaintiff also claims attorneys' fees and costs incurred herein Gov't. Code §12965.

## EIGHTH CAUSE OF ACTION
### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
(Civ. Code)
*(On behalf of Plaintiff as an individual against all Defendants)*

133.   Plaintiff incorporates in this cause of action each and every allegation of the preceding paragraphs, with the same force and effect as though fully set forth herein.

134.   The conduct complained of hereinabove was outside the conduct expected to exist in the workplace, was intentional and done for the purpose of causing Plaintiffs to suffer humiliation, mental anguish, and emotional and physical distress. Defendants' conduct was done with the knowledge that Plaintiff's emotional and physical distress would thereby increase, and was done with a wanton and reckless disregard of the consequences to Plaintiffs.

135.   As a proximate result of Defendants' intentional infliction of emotional distress as hereinabove alleged, Plaintiff has been harmed in that Plaintiff has suffered humiliation, mental anguish, and emotional and physical distress, and have been injured in mind and health. As a result of said distress and consequent harm, Plaintiff has suffered such damages in an amount in accordance with proof at time of trial.

136.   Defendants, and each of them, engaging in the conduct as hereinabove alleged, acted oppressively and with reckless disregard of Plaintiff's rights and safety, and thereby entitling Plaintiffs to an award of punitive damages.

137.   Defendants, and each of them, authorized, ratified, knew of the wrongful conduct complained of herein, but failed to take immediate and appropriate corrective action to remedy the situation and thereby acted oppressively and with reckless disregard of Plaintiff's rights and safety, and thereby entitling Plaintiff to an award of punitive damages.

138.   Plaintiff is informed and believes and, based thereon, alleges that the fictitious Defendants named as DOES 1 through 100, inclusive, aided, abetted, incited, compelled, coerced, or conspired to commit one or more of the acts alleged in this Cause of Action.

HOFFMAN EMPLOYMENT LAWYERS
580 California Street, Ste. 1600
San Francisco, CA 94104
(415) 362-1111

-26-

*Marsh v. Federal Home Loan Bank*
Complaint

HOFFMAN EMPLOYMENT LAWYERS
580 California Street, Ste. 1600
San Francisco, CA 94104
(415) 362-1111

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

139.   As a direct and proximate result of Defendants' conduct, Plaintiff sustained damages, including loss of earnings and earning potential, opportunities and other benefits of employment and employment opportunities and harm to his reputation, mental anguish, embarrassment, humiliation, and other emotional distress and/or medical and related expenses in an amount to be established at trial. As a result of this wrongful conduct, Plaintiff is entitled to attorneys' fees, costs, and injunctive relief.

140.   Moreover, in that, at all times referenced herein, Defendants intended to cause or acted with reckless disregard of the probability of causing injury to Plaintiff and, because said Defendants were guilty of oppressive, fraudulent, and/or malicious conduct, Plaintiff is entitled to an award of exemplary or punitive damages in an amount adequate to deter such conduct in the future, in addition to attorneys' fees and costs.

141.   Defendants' acts alleged herein are malicious, oppressive, despicable, and in conscious disregard of Plaintiff's rights.   Upon information and belief, one or more of Defendants' managing agents committed, authorized, or ratified the wrongful conduct. As such, punitive damages are warranted against Defendants.

## NINTH CAUSE OF ACTION
## NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS
### (Civ. Code)
### *(On behalf of IndividualsPlaintiff against all Defendants)*

142.   Plaintiff incorporates in this cause of action each and every allegation of the preceding paragraphs, with the same force and effect as though fully set forth herein.

143.   In the alternative, if said conduct of Defendants, and each of them, and of their agents and employees was not intentional, it was negligent. Plaintiff is thereby entitled to general damages for the negligent infliction of emotional distress

144.   Plaintiff is informed and believes and, based thereon, alleges that the fictitious Defendants named as DOES 1 through 100, inclusive, aided, abetted, incited, compelled, coerced, or conspired to commit one or more of the acts alleged in this Cause of Action.

HOFFMAN EMPLOYMENT LAWYERS
580 California Street, Ste. 1600
San Francisco, CA 94104
(415) 362-1111

145. As a direct and proximate result of Defendants' conduct, Plaintiff sustained damages, including loss of earnings and earning potential, opportunities and other benefits of employment and employment opportunities and harm to his reputation, mental anguish, embarrassment, humiliation, and other emotional distress and/or medical and related expenses in an amount to be established at trial. As a result of this wrongful conduct, Plaintiff is entitled to attorneys' fees, costs, and injunctive relief.

146. Moreover, in that, at all times referenced herein, Defendants intended to cause or acted with reckless disregard of the probability of causing injury to Plaintiff and, because said Defendants were guilty of oppressive, fraudulent, and/or malicious conduct, Plaintiff is entitled to an award of exemplary or punitive damages in an amount adequate to deter such conduct in the future, in addition to attorneys' fees and costs.

147. Defendants' acts alleged herein are malicious, oppressive, despicable, and in conscious disregard of Plaintiff's rights. Upon information and belief, one or more of Defendants' managing agents committed, authorized, or ratified the wrongful conduct. As such, punitive damages are warranted against Defendants.

## TENTH CAUSE OF ACTION
## UNFAIR BUSINESS PRACTICES
(Bus. & Prof. Code §§ 17200 et seq.)
(On behalf of IndividualsPlaintiff against all Defendants)

148. Plaintiff incorporates in this cause of action each and every allegation of the preceding paragraphs, with the same force and effect as though fully set forth herein.

149. Plaintiff brings this cause of action as an individual.

150. Defendants' violations of California law, including Defendants' violations of the Employment Laws and Regulations as alleged herein constitutes an unfair business practice in violation of California Business & Professions Code Section 17200 et seq because they were done repeatedly, over a significant period of time, and in a systematic manner to the detriment of PlaintiffIndividualsPlaintiff.

151. In addition, Plaintiff brings this cause of action seeking equitable and statutory relief to stop Defendants' misconduct, as complained of herein, and to seek restitution of the

-28-

HOFFMAN EMPLOYMENT LAWYERS
580 California Street, Ste. 1600
San Francisco, CA 94104
(415) 362-1111

1  amounts Defendants acquired through the unfair, unlawful, and fraudulent business practices

2  described herein.

3      152.   Defendants' knowing conduct, as alleged herein, constitutes an unlawful and/or

4  fraudulent business practice, as set forth in California Business & Professions Code §§ 17200-

5  17208. Specifically, Defendants conducted business activities while failing to comply with the

6  legal mandates cited herein.

7      153.   As a result of Defendants' unfair business practices, Defendants have reaped

8  unfair benefits at IndividualsPlaintiff's expense.

9      154.   Defendants' business practices were unfair as set forth herein, providing an

10 independent basis to support this claim.

11     155.   Defendants' business practices were also fraudulent, as set forth herein,

12 providing yet another independent basis to support the claim.

13     156.   Plaintiff is informed and believes and, based thereon, alleges that the fictitious

14 Defendants named as DOES 1 through 100, inclusive, aided, abetted, incited, compelled,

15 coerced, or conspired to commit one or more of the acts alleged in this Cause of Action.

16     157.   Defendants have clearly established a policy of accepting a certain amount of

17 collateral damage as incidental to its business operations, rather than accepting the alternative

18 costs of full compliance with fair, lawful, and honest business practices, ordinarily borne by its

19 responsible competitors and as set forth in legislation and the judicial record. Defendants' policy

20 is confirmed by IndividualsPlaintiff's damages as herein alleged.

21     158.   Defendants' unfair business practices entitle PlaintiffIndividualsPlaintiff to seek

22 preliminary and permanent injunctive relief and other restitutionary relief, including but not

23 limited to orders that Defendants account for and restore unlawfully withheld compensation to

24 the PlaintiffIndividualsPlaintiff and discontinue certain unlawful employment practices, conduct

25 and implement adequate training, including the implementation of policies and procedures

26 designed to prevent the legal violations at issue in this lawsuit. Defendants' unfair business

27 practices also entitle Plaintiff to attorneys' fees and costs.

28

*Marsh v. Federal Home Loan Bank*
Complaint

HOFFMAN EMPLOYMENT LAWYERS
580 California Street, Ste. 1600
San Francisco, CA 94104
(415) 362-1111

## JURY DEMAND

Plaintiff hereby demands a jury trial on all issues and causes of action.

## PRAYER FOR RELIEF

Wherefore, Plaintiff prays for the following forms of relief, as an individual:

1.      For penalties pursuant to Labor Code §§ 201-203, 226, 556, 1174(d), 1194, 1194.2, and any and all other provisions of the Labor Code referenced herein which provide for penalties as a result of the conduct alleged herein;

2.      For costs of suit incurred herein and attorneys' fees pursuant to the statutes cited herein;

3.      For compensatory damages;

4.      Compensation for all hours worked but not paid;

5.      For general damages in amounts according to proof and in no event in an amount less than the jurisdictional limit of this court;

6.      For special damages according to proof;

7.      For punitive damages where allowed by law;

8.      For restitution of all monies due to Plaintiff from the unlawful business practices of Defendants;

9.      For injunctive relief;

10.     For pre-judgment and post-judgment interest as provided by law; and

11.     For such other and further relief as this Court deems just and proper.

Respectfully submitted,

Dated: July 19, 2016                     ILG LEGAL OFFICE

_____
Stephen Noel Ilg
Attorneys for Plaintiffs

-30-

*Marsh v. Federal Home Loan Bank*
Complaint

**CM-010**

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|

Stephen Noel Ilg, Esq. (SBN 275599)
ILG Legal Office
555 California Street, Suite 4925, San Francisco, CA 94104
TELEPHONE NO.: 415-580-2574     FAX NO.: 4153621112
ATTORNEY FOR *(Name):* Gary Marsh

SUPERIOR COURT OF CALIFORNIA, COUNTY OF San Francisco
STREET ADDRESS: 400 McAllister Street
MAILING ADDRESS: 400 McAllister Street
CITY AND ZIP CODE: San Francisco
BRANCH NAME: Civic Center Courthouse

**FOR COURT USE ONLY**

F I L E D
Superior Court of California
County of San Francisco

JUL 20 2016

CLERK OF THE COURT
BY: _____ Deputy Clerk

CASE NAME:
Gary Marsh v. Federal Home Loan Bank of San Francisco

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: |
|---|---|---|
| ☑ Unlimited (Amount demanded exceeds $25,000) ☐ Limited (Amount demanded is $25,000 or less) | ☐ Counter ☐ Joinder Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | CGC-16-553149 DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
☐ Auto (22)
☐ Uninsured motorist (46)
**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
☐ Asbestos (04)
☐ Product liability (24)
☐ Medical malpractice (45)
☐ Other PI/PD/WD (23)
**Non-PI/PD/WD (Other) Tort**
☐ Business tort/unfair business practice (07)
☐ Civil rights (08)
☐ Defamation (13)
☐ Fraud (16)
☐ Intellectual property (19)
☐ Professional negligence (25)
☐ Other non-PI/PD/WD tort (35)
**Employment**
☑ Wrongful termination (36)
☐ Other employment (15)

**Contract**
☐ Breach of contract/warranty (06)
☐ Rule 3.740 collections (09)
☐ Other collections (09)
☐ Insurance coverage (18)
☐ Other contract (37)
**Real Property**
☐ Eminent domain/Inverse condemnation (14)
☐ Wrongful eviction (33)
☐ Other real property (26)
**Unlawful Detainer**
☐ Commercial (31)
☐ Residential (32)
☐ Drugs (38)
**Judicial Review**
☐ Asset forfeiture (05)
☐ Petition re: arbitration award (11)
☐ Writ of mandate (02)
☐ Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
☐ Antitrust/Trade regulation (03)
☐ Construction defect (10)
☐ Mass tort (40)
☐ Securities litigation (28)
☐ Environmental/Toxic tort (30)
☐ Insurance coverage claims arising from the above listed provisionally complex case types (41)
**Enforcement of Judgment**
☐ Enforcement of judgment (20)
**Miscellaneous Civil Complaint**
☐ RICO (27)
☐ Other complaint *(not specified above)* (42)
**Miscellaneous Civil Petition**
☐ Partnership and corporate governance (21)
☐ Other petition *(not specified above)* (43)

2. This case ☐ is ☑ is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
a. ☐ Large number of separately represented parties
b. ☐ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
c. ☐ Substantial amount of documentary evidence
d. ☐ Large number of witnesses
e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
f. ☐ Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. ☑ monetary  b. ☑ nonmonetary; declaratory or injunctive relief  c. ☑ punitive
4. Number of causes of action *(specify):*
5. This case ☐ is ☑ is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date:
Stephen Noel Ilg
(TYPE OR PRINT NAME)                    (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

BY FAX

**NOTICE**
• Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
• File this cover sheet in addition to any cover sheet required by local court rule.
• If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
• Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courtinfo.ca.gov

**INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET**

CM-010

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

**CASE TYPES AND EXAMPLES**

**Auto Tort**
Auto (22)–Personal Injury/Property Damage/Wrongful Death
Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
Asbestos (04)
　Asbestos Property Damage
　Asbestos Personal Injury/ Wrongful Death
Product Liability *(not asbestos or toxic/environmental)* (24)
Medical Malpractice (45)
　Medical Malpractice– Physicians & Surgeons
　Other Professional Health Care Malpractice
Other PI/PD/WD (23)
　Premises Liability (e.g., slip and fall)
　Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
　Intentional Infliction of Emotional Distress
　Negligent Infliction of Emotional Distress
　Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
　Legal Malpractice
　Other Professional Malpractice *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
　Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
　Contract/Warranty Breach–Seller Plaintiff *(not fraud or negligence)*
　Negligent Breach of Contract/ Warranty
　Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
　Collection Case–Seller Plaintiff
　Other Promissory Note/Collections Case
Insurance Coverage *(not provisionally complex)* (18)
　Auto Subrogation
　Other Coverage
Other Contract (37)
　Contractual Fraud
　Other Contract Dispute

**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
　Writ of Possession of Real Property
　Mortgage Foreclosure
　Quiet Title
　Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
　Writ–Administrative Mandamus
　Writ–Mandamus on Limited Court Case Matter
　Writ–Other Limited Court Case Review
Other Judicial Review (39)
　Review of Health Officer Order
　Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
　Abstract of Judgment (Out of County)
　Confession of Judgment *(non-domestic relations)*
　Sister State Judgment
　Administrative Agency Award *(not unpaid taxes)*
　Petition/Certification of Entry of Judgment on Unpaid Taxes
　Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
　Declaratory Relief Only
　Injunctive Relief Only *(non-harassment)*
　Mechanics Lien
　Other Commercial Complaint Case *(non-tort/non-complex)*
　Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition *(not specified above)* (43)
　Civil Harassment
　Workplace Violence
　Elder/Dependent Adult Abuse
　Election Contest
　Petition for Name Change
　Petition for Relief From Late Claim
　Other Civil Petition